# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| MARVIN ALBRO | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 9:16-CV-110 |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant, Marvin Albro, filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 based on the recent Supreme Court opinion of *Johnson v. United States*, 135 S.Ct. 2551 (2015).

The court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the motion to vacate, set aside, or correct sentence be granted and movant be re-sentenced as to Count 1 only.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Movant filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court finds movant's objections lacking in merit.

## Factual & Procedural Background

On June 6, 2006, a federal grand jury returned a three-count indictment against movant charging him with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 1); possession with intent to distribute five grams or more but less than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count 2); and possession of a firearm during a drug trafficking offense, in violation of 18 U.S.C. 924(c)(1) (Count 3). Count 1 carried a statutory maximum sentence of a ten year term of imprisonment. But, because movant qualified as an armed career

criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e), the statutory penalty for Count 1 increased to a minimum of a 15 year term of imprisonment and a maximum of life. Count 2 carried a minimum of a 10 year term of imprisonment and a maximum of life under 21 U.S.C. §§ 841(b)(1)(B) and 851. Count 3 carried a minimum statutory term of 5 years imprisonment, which was required to be imposed consecutively.

Before trial, the Court dismissed Count 3 on the Government's motion. Movant proceeded to trial on Count 1 and 2 and was convicted by a jury on both counts on February 20, 2007.

For the felon in possession count (Count 1), the pre-sentence report established that movant's base offense level was 24 under U.S. Sentencing Guideline Manual § 2K2.1(a)(2) (2006) because movant had at least two prior felony convictions for crimes of violence or controlled substance offenses. Movant received a four-level increase under U.S.S.G. 2K2.1(b)(6) because he possessed the firearm in connection with another felony offense. Thus, movant's offense level for Count 1 was 28. For the controlled substance offense (Count 2), movant's base offense level was 26 under U.S.S.G. § 2D1.1(c)(7). Movant received two level increase under U.S.S.G. 2D1.1(b)(1) because he possessed a dangerous weapon in connection with the offense. Under the rules applicable to multiple counts, 28 was the offense level for both counts.

Because movant had three prior convictions for violent felonies or serious drug offenses, the pre-sentence report noted that he was classified as an armed career criminal. The ACCA guideline, U.S.S.G. § 4B1.4, was not used, however, as movant qualified as career offender under U.S.S.G. 4B1.1, and the career offender guideline resulted in a higher offense level. Under U.S.S.G. § 4B1.1, movant's offense level was 37. Movant did not receive a reduction for acceptance of responsibility so the total offense level was 37.

Movant's criminal history category – with or without application of the career offender guideline - was VI. At offense level 37, this yielded a sentencing guideline range of a term of 360 months to life imprisonment for both counts.

2

On August 20, 2007, the Court sentenced movant to a term of 360 months imprisonment for Count 1 and Count 2, to be served concurrently. The judgment was entered on August 24, 2007. Movant appealed and the Fifth Circuit affirmed. Movant filed a motion under 28 U.S.C. § 2255, challenging his sentence on September 21, 2009. It was denied on August 24, 2010.

On June 26, 2015, the Supreme Court decided *Johnson v. United States*, 135 S.Ct. 2551 (2015). Then, on April 18, 2016, the Supreme Court held that *Johnson* is retroactive to ACCA cases on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1260-68 (2016). Movant sought permission to file a successive § 2255 motion with the Fifth Circuit Court of Appeals which was granted on June 8, 2016. Movant did not file the present § 2255 motion until July 11, 2016, claiming that he did not receive the Fifth Circuit's order until June 24, 2016, and stating that a clerk from the court told him to note the same on his filing which was signed July 5, 2016.

The Magistrate Judge ordered the Government to respond. On July 25, 2016, the Government filed a response on October 11, 2016, stating the Government does not oppose relief. Specifically, the Government argues that movant is eligible to be re-sentenced to no more than a term of 120 months imprisonment for Count 1. However, the Government argues that *Johnson* does not affect movant's sentence under Count 2 and movant is not eligible for re-sentencing on this count.

The Magistrate Judge entered a Report and Recommendation on November 30, 2016 (docket entry no. 9). The Magistrate Judge recommends movant should be re-sentenced on Count 1 only. Specifically, the Magistrate Judge found:

> This term, the Supreme Court will determine whether *Johnson* applies to the definition of "crime of violence" found in the career offender sentencing guideline. U.S.S.G. § 4B1.2(a)(2), and, if so, whether it applies retroactively to cases on collateral review to defendants sentenced as career offenders under U.S.S.G. § 4B1.1. *Beckles v. United States*, No. 15-8544 (June 27, 2016); *see also In re Arnick*, No 16-10328, 2016 WL 3383487, slip op. at * 1 (5th Cir. June 17, 2016) (published) ("*Johnson* did not address Section 4B1.2(a)(2) of the Guidelines . . . Nor has the Supreme Court held that a Guidelines enhancement that increases the Guideline range implicates the same due process concerns as a statute that increases a statutory penalty."). Even if the Supreme Court decides in *Beckles* that *Johnson* applies to the career offender guidelines and holds that it is retroactive, this decision will still not affect movant's status as career offender.

3

> Under the career offender guideline in effect when movant was sentenced, a defendant qualified as a career offender "if (1) the defendant was at least eighteen years old at the time the defendant committed the . . . offense of conviction; (2) the . . . offense of conviction [was] a felony that [was] either a crime of violence or a controlled substance offense; and (3) the defendant [had] at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a) (2006). Similar to the definition in the ACCA, "crime of violence" was defined as:
>
>> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, –
>>
>> 1. has an element the use, attempted use, or threatened use of physical force against the person of another, or
>>
>> 2. is burglary of a dwelling, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another**.
>
> U.S.S.G. § 4B1.2 (2006) (emphasis added).
>
> In the present case, movant was over 18 years old when he committed the offenses for which he was convicted, and possession with intent to distribute five grams or more but less than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), as alleged in Count 2, was – and still is – a controlled substance offense. Moreover, as discussed above, movant's prior conviction for delivery of a controlled substance was not affected by *Johnson* because the case did not address drug offenses 135 S. Ct. at 2555. Thus, it remains a valid predicate offense for the offender career guideline. Likewise, as outlined above, movant's prior conviction for burglary in Case No. 609387, Harris County, Texas, remains a valid predicate offense. Therefore, even if *Beckles* applies *Johnson* to the residual language of U.S.S.G. § 4B1.2, emphasized above, it will not affect movant's status as a career offender because he has two prior felony convictions that are not affected by *Johnson*.

Report and Recommendation (docket entry no. 9).

Movant filed objections stating he is entitled to a *de novo* re-sentencing on both counts. Petitioner has three objections: (1) relying on *Mathis v. United States*, 136 S.Ct. 2243 (2016), petitioner argues "the definition of habitation means a structure or vehicle that is adapted for over night accommodation" and, as such, does not qualify as generic burglary, (2) the prior drug offense for delivery of a controlled substance is not a qualifying offense pursuant to case precedent

4

established in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016),[1] and (3), the Harris County conviction for burglary in Cause No. 609387 does not, in fact, support a conviction for generic burglary under Texas Penal Code 30.02(a)(1) as petitioner was convicted of first degree burglary under Texas Penal Code 30.02(d)(2) which allegedly encompasses attempted conduct.

## Discussion

*Successive Bar*

28 U.S.C. § 2255 provides for the following:

[a] second or successive motion must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court was previously unavailable.

Section 2244(b)(3)(A), in turn, provides "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Both § 2255 and § 2244(b)(3)(A) contemplate that a § 2255 applicant seek certification from the Fifth Circuit Court of Appeals for the filing of a second or successive § 2255 motion before the motion is actually filed in the District Court. *See In re Tatum*, 233 F.3d 857, 858 (5th Cir. 2000) ("Before a successive 28 U.S.C. § 2255 motion may be filed in district court, the movant must obtain authorization from this court for the district court to consider the movant's successive § 2255 motion. 28 U.S.C. §§ 2244(b)(3)(A), § 2255."); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (" § 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one."); *United States v. Rich*, 141

---

[1] In *Mathis*, the Supreme Court addressed application of the "modified categorical approach" used to determine whether a prior conviction is a violent felony or serious drug offenses as defined in the ACCA. In *Hinkle*, the Fifth Circuit applied *Mathis* to the Texas offense of delivery of a controlled substance.

F.3d 550, 553 (5th Cir. 1998) (upholding dismissal of § 2255 motion where movant had not sought or acquired certification from the Fifth Circuit to file a second or successive § 2255 motion), *cert. denied*, 526 U.S. 1011 (1999).

As outlined above, movant filed his first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on September 21, 2009. 9:09-CV-153 (docket entry no. 1). This motion was denied on August 24, 2010 (docket entry nos. 26 & 27). After *Johnson*, movant sought permission from the Fifth Circuit to file a second or successive 2255 motion based on *Johnson* only and the Fifth Circuit granted permission for movant to file a motion on that ground. 9:16-CV-110 (docket entry no. 3). A review of this order reveals the Fifth Circuit did not grant movant permission to seek relief based on other grounds. Therefore, movant is not entitled to argue relief based on *Mathis* or *Hinkle* in the present motion to vacate, set aside, or correct sentence.

*Statute of Limitations Bar*

The Antiterrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 1996, amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations for filing a motion to vacate sentence. 28 U.S.C. § 2255, as amended, provides in pertinent part the following:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

    (1)    the date on which the judgment of conviction becomes final;

    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Section 2255(f)(3) contains a limited exception, effectively restarting the statute on the date a right is "initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Section 2255(f)(3) does not apply to *Mathis* because (1) it is not clear that the case recognized a new right and (2) the Supreme Court has not made *Mathis* retroactive to cases on collateral review.[2] Similarly the Supreme Court has not recognized the right described in *Hinkle* as a "new right" nor has the Court made it retroactive to cases on collateral review. As such, movant's claims as they relate to *Mathis* and *Hinkle* are barred by 28 U.S.C. § 2255(f)(1).[3]

*Johnson Does Not Apply to Sentencing Guidelines*

On March 6, 2017, the United States Supreme Court decided *Beckles v. United States*. No. 15-8544, 2017 WL 855781 (March 7, 2017). Movant's claim that the Harris County burglary conviction does not support a conviction for generic burglary as to Count 2 was premised on *Johnson*

---

[2]The Fifth Circuit has determined that *Mathis* did not alter Fifth Circuit precedent concerning Texas burglary – the prior conviction at issue in the present case. *United States v. Uribe*, 838 F.3d 667-71 (5th Cir. 2016). Furthermore, *Mathis* itself indicates the Court believed its conclusion was compelled by its case precedent. *See Mathis*, 136 S.Ct. at 2247 ("For more than 25 years, our decisions have held that the prior crime qualifies as an ACCA predicate if, but only if, its elements are the same as, or narrower than those of the generic offense."); *id*. at 2251 (concluding that, "[u]nder our precedents," the admitted overbreadth of the Iowa burglary statute at issue "resolves this case"); *Id*. ("Taylor set out the essential rule governing ACCA cases more than a quarter century ago . . . That simple point became a mantra in our subsequent ACCA decisions."); *c.f., United States v. Morgan*, No. 15-30420, 2017 WL 124375, *1-3 (5th Cir. Jan. 12, 2017) (holding that another Supreme Court decision regarding the modified categorical approach, *Descamps v. United States*, 133 S.Ct. 2276 (2013), did not announce a new rule that applied on collateral review). Therefore, a defendants who want to raise *Mathis* claims cannot rely on the extended statute of limitations in 28 U.S.C. § 2255(f)(3) that applies to Supreme Court decisions that announce a "new right." *See Dodd v. United States*, 545 U.S. 353, 358-59 (2005).

[3]Movant refers to *United States v. Tanksleye*, No. 15-11078 (5th Cir. 2017) in support of his argument that *Mathis* applies retroactively to cases on collateral review. This case, however, was a direct appeal of a criminal conviction. Movant also relies on *Holt v. United States*, 843 F.3d 720 (7th Cir. Dec. 13, 2016) in support of his position that *Mathis* is retroactive to cases on collateral review. Although the 7th Circuit determined that *Mathis* did apply retroactively to cases on collateral review, Seventh Circuit precedent is not relevant to cases pending in the Fifth Circuit. Furthermore, the *Supreme Court* has not announced that *Mathis* is a "new right" that applies retroactively to cases on collateral review. Regardless, movant still has not overcome the successive bar.

applying to the sentencing guidelines and, further, that it did so on collateral review. In *Beckles*, however, the Supreme Court determined that *Johnson* does not apply to the sentencing guidelines:

> At the time of petitioner's sentencing, the advisory Sentencing Guidelines included a residual clause defining a "crime of violence" as an offense that "involves conduct that presents a serious potential risk of physical injury to another." United States Sentencing Commission, Guidelines Manual § 4B1.2(a)(2)( Nov. 2006) (USSG). This Court held in *Johnson v. United States*, 576 U.S. – (2015), that the identically worded residual clause in the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague. Petitioner contends that the Guidelines' residual clause is also void for vagueness. Because we hold that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause, we reject petitioner's argument.

2017 WL 855781 at *3.

Moreover, because the Court did not apply *Johnson* to guideline career offenders, *Johnson* does not apply to them on collateral review. Movant is, therefore, not entitled to re-sentencing as to Count 2.

ORDER

Accordingly, the objections of movant are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

In addition, the court is of the opinion movant is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the movant need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84.

Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, movant has not shown that the issues of concern are subject to debate among jurists of reason or worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

So **ORDERED** and **SIGNED** this **1** day of **May, 2017.**

_____
Ron Clark, United States District Judge